UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60257-Civ-SCOLA

WILLIAM L. TAYLOR,

    Plaintiff,

vs.

WALSH NADEAU, LLC et al.,

    Defendants.

_____/

**ORDER COMPELLING PARTIES TO HOLD
DISCOVERY AND SCHEDULING CONFERENCE**

THIS MATTER is before the Court upon the Motion to Compel Participation in Discovery and Scheduling Conference and for Clarification [ECF No. 15], filed by Plaintiff William L. Taylor. This Motion is granted.

Apparently, the parties disagree as to whether the Court's Initial Order requires them to meet and confer in person or whether a telephone conference will do. The Court's Order provided that, within the time prescribed, "the parties shall meet and confer regarding discovery and scheduling issues, as set out in Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b)." *See* Initial Order ¶ 2 [ECF No. 2]. This District's Local Rule 16.1(b) expressly states that the parties shall meet and confer "in person, by telephone, or by other comparable means[.]" *See* S.D. Fla. L. R. 16.1(b)(1). This Court has not ordered otherwise. Accordingly, the parties are free to meet by telephone, if they prefer. The Court has no preference, as long as the conference is conducted in timely fashion and the parties comply with their obligations set forth in the Rules and the Court's Initial Order.

This Court is not in the business of babysitting the parties. Yet, in granting a prior motion for extension of time, the Court admonished that "the time frames within which to meet and confer and file a Joint Report, as set forth in the Court's February 14, 2012 Order, remain in place and those instructions should be followed." *See* Paperless Order [ECF No. 13]. Naturally,

the Court fully expects the parties to follow its Orders and to comply with discovery obligations and timeframes. Here, the parties are clearly late. Their initial conference should have been held some time ago, and they should have already submitted their Joint Conference Report.

Because the parties have failed to do so, the Court hereby orders them to meet and confer, whether by telephone or otherwise, by **May 11, 2012**, and to submit their Joint Conference Report by **May 16, 2012**. In addition, upon independent review of the record, it is clear that Defendant Walsh Nadeau, LLC has failed to timely answer the Complaint. As such, this Defendant is directed to respond to the Complaint by **May 16, 2012**. If Defendant fails to do so, then the Plaintiff shall move for entry of Clerk's Default by **May 18, 2012**. No extensions of these deadlines will be granted. Failure to comply with this Order may result in sanctions.

**DONE and ORDERED** in chambers, at Miami, Florida on May 10, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Designated U.S. Magistrate Judge*
*Counsel of record*